United States District Court
Southern District of Texas

**ENTERED**

December 18, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PHILLIP E.,[1] | § |
| | § |
| Plaintiff. | § |
| | § |
| V. | § CIVIL ACTION NO. 4:24-cv-01937 |
| | § |
| COMMISSIONER OF SOCIAL | § |
| SECURITY, | § |
| | § |
| Defendant. | § |

## OPINION AND ORDER

Plaintiff Phillip E. seeks judicial review of an administrative decision denying his applications for Title II disability and disability insurance benefits and Title XVI supplemental security income under the Social Security Act (the "Act"). Phillip E. and Defendant Carolyn Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have filed briefs. *See* Dkts. 8, 12. Having reviewed the briefing, record, and applicable law, I affirm the Commissioner's decision.

## BACKGROUND

Phillip E. filed applications for benefits under Titles II and XVI of the Act on June 5, 2012, alleging disability beginning on February 1, 2011. His applications were denied and denied again upon reconsideration. After administrative actions

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Colvin is "automatically substituted" as the defendant in this suit. Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). This is Ms. Colvin's second time serving as Acting Commissioner, having previously served as Acting Commissioner from February 14, 2013 through January 20, 2017.

and a hearing, an administrative law judge ("ALJ") issued an unfavorable decision on April 25, 2014, which the Appeals Council remanded for additional proceedings on August 26, 2015. An ALJ held another hearing and issued an unfavorable decision on June 16, 2017. On June 1, 2021, the Appeals Council granted review and remanded the matter to an ALJ to reevaluate the medical opinions and whether there had been improvement in Phillip E.'s impairments. An ALJ held a hearing on November 23, 2021, but did not issue a decision, requesting instead that Phillip E. attend a consultative examination. On November 2, 2022, an ALJ held another hearing. On February 28, 2023, an ALJ issued an opinion that Phillip E. was not disabled. Phillip E. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's February 28, 2023 decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Phillip E. "has not engaged in substantial gainful activity since February 1, 2011, the alleged onset date." Dkt. 4-3 at 23.

At Step 2, the ALJ found that Phillip E. "has the following severe impairments: residuals of cervical spine fusion surgery; residuals of right[-]hand crush injury; right hand synovitis and tenosynovitis; mild right foot tenosynovitis; migraines; obesity; and bipolar disorder." *Id.*

At Step 3, the ALJ found that Phillip E. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 24.

Prior to consideration of Step 4, the ALJ determined Phillip E.'s RFC as follows:

> [Phillip E.] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently push, pull, handle, and finger with his dominant right upper extremity, he cannot perform repetitive or sustained gripping with his dominant right upper extremity, he can occasionally reach overhead with his bilateral upper extremities, he can occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, and he can tolerate exposure to moderate noise. Mentally, the claimant can understand, remember, and carry out simple, routine tasks requiring no more than 1-2-3 step instruction and involving only simple work-related decisions and occasional decision making and changes in the work setting and, he can tolerate frequent interaction with supervisors, co-workers and the public.

*Id.* at 26.

At Step 4, the ALJ found that Phillip E. "is unable to perform any past relevant work." *Id.* at 32.

Nevertheless, at Step 5, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 33. Accordingly, the ALJ found that Phillip E. "ha[d] not been under a disability, as defined in the Social Security Act, from February 1, 2011, through the date of [the ALJ's] decision." *Id.* at 34.

## DISCUSSION

Phillip E. raises three arguments for my review: (1) whether the ALJ erred in his evaluation of Dr. Nalini Dave's medical opinion; (2) whether the ALJ's finding that Phillip E. has the RFC to perform light work is unsupported by substantial evidence; and (3) whether the ALJ erred in determining that Phillip E.'s impairments failed to meet or medically equal a listed impairment. I answer all these questions in the negative.

**A.    THE ALJ PROPERLY CONSIDERED DR. DAVE'S MEDICAL OPINION.**

Dr. Dave, a consultative examiner, examined Phillip E. on June 28, 2022. This was the most recent examination of Phillip E. available to the ALJ at the time of her February 28, 2023 decision. The ALJ's decision summarizes Dr. Dave's opinion and the ALJ's evaluation of that opinion:

> The undersigned gives little weight to the opinion of consultative examiner Nalini M. Dave, M.D., who found [Phillip E.] cannot lift or carry, can sit and stand one hour and walk thirty minutes in an eight-hour workday, requires a cane to ambulate, cannot look up, down, left, or right, cannot hold his head in one position, can occasionally reach and handle, can occasionally finger and frequently push and pull with his left hand, can never finger, frequently feel, and occasionally push and pull with his right hand, can frequently operate foot controls with his right foot, can occasionally balance and climb ramps and stairs, can never stoop, kneel, crouch, crawl, or climb ladders or scaffolds, can occasionally operate a motor vehicle and tolerate exposure to humidity, wetness, pulmonary irritants, and extreme cold, can never tolerate exposure to unprotected heights, moving mechanical parts, extreme heat, or vibrations, and cannot work. (22F/6-11). The opinion is inconsistent with Dr. Dave's examination of [Phillip E.], during which [he] ambulated unassisted, with a limping gait. (22F/3). The opinion is also inconsistent with [Phillip E.]'s normal right-hand MRI, with his apparent ongoing use of his right hand, based on lack of muscle mass loss, per the statements of Ronald Halsey, M.D., with his only somewhat diminished grip strength and otherwise normal right hand strength during treatment examinations, and with his normal motor strength and gait during treatment examinations. (12F/10-12; 13F/13; 20F/44/53/105/110/130/213/238/276/371/541).    Thus, the undersigned gives little weight to Dr. Dave's opinion.

Dkt. 4-3 at 32.

Phillip E. asserts "the ALJ gave 'little weight' to Dr. Dave's report without sufficient explanation." Dkt. 8 at 7 (quoting Dkt. 4-3 at 32). Specifically, Phillip E. argues that "the ALJ failed to note Dr. Halsey's assessment occurred in 2012," which was 10 years prior to Dr. Dave's assessment. Dkt. 8 at 7. Phillip E. contends that this "10-year lapse between [Dr. Halsey's assessment and Dr. Dave's assessment] creates an obvious inconsistency as Dr. Dave's assessment is more

5

likely to highlight [Phillip E.]'s current limitations." *Id.* Phillip E. also complains that the ALJ failed to note certain facts in both Dr. Dave's and Dr. Halsey's opinions, such as the fact that Phillip E. "did not have to ambulate a significant distance from his car to [Dr. Dave's] office," or the fact that Dr. Halsey mentioned a possible irritant in Phillip E.'s hand wound. *Id.* at 8.

Setting aside the comparison to Dr. Halsey's 10-year-old opinion, the ALJ assigned Dr. Dave's opinion little weight because she found it "inconsistent with Dr. Dave's [own] examination of [Phillip E.]." Dkt. 4-3 at 32. During the November 2, 2022 hearing, the ALJ observed that Dr. Dave "did not note any exam findings other than the slight swelling" of Phillip E.'s right hand to support her findings. *Id.* at 165. The ALJ voiced her concern that Dr. Dave "did not support [her] opinion with any objective findings other than the slight swelling of the hand." *Id.* at 166. Contrary to Phillip E.'s argument, the ALJ's analysis comports with 20 C.F.R. § 404.1527(c), which states in relevant part: "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion." *Id.* § 404.1527(c)(3). Because Dr. Dave offered virtually no objective findings to support her opinion, the ALJ afforded it little weight. Accordingly, I find no error in the ALJ's analysis of Dr. Dave's opinion.

**B.    SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S RFC OF LIGHT WORK.**

Phillip E. next argues that the ALJ incorrectly determined that he could perform light work. Specifically, Phillip E. contends that (1) "the ALJ erred in failing to make a 'function-by-function' assessment as required by SSR 96-8p," and (2) "erred in failing to consider the effects of [Phillip E.]'s absenteeism on his ability to maintain employment." Dkt. 8 at 10, 11. The first of these arguments relies on Dr. Dave's opinion, which "supports the finding [Phillip E.] cannot engage in any exertional activities because of his physical and/or mental impairments." *Id.* at 9. But, as I have already explained, the ALJ properly evaluated—and

rejected—Dr. Dave's opinion. Accordingly, Phillip E. cannot point to Dr. Dave's opinion as evidence that contradicts the ALJ's RFC. As for Phillip E.'s argument that his many medical appointments hamper his employability, "[a] person is disabled when they are afflicted with limitations that prevent them from any substantial gainful activity, not when time constraints from impairments might foreclose a traditional employment schedule." *Steven C. v. Kijakazi*, No. 4:21-cv-1066, 2022 WL 4490174, at *8 (S.D. Tex. Sept. 27, 2022) (quotation omitted).

"'No substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (quotation omitted). Phillip E. has failed to demonstrate either. Accordingly, substantial evidence supports the ALJ's finding that Phillip E. has the RFC to perform light work.

## C. Phillip E. Cannot Establish that Any Step Three Error Was Harmful.

Finally, Phillip E. argues that "the contradiction in the ALJ's opinion and possible failure to consider objective evidence in the record casts doubt on the analytics process which led to the ALJ's decision to deny [Phillip E.] his benefits." Dkt. 8 at 14. I will assume, without deciding, that the ALJ erred at Step Three. Even so, Phillip E. must demonstrate that such error prejudiced his substantive rights before remand is warranted. *See Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988). Phillip E. cannot do this because substantial evidence supports the ALJ's findings. *See id.*

Phillip E.'s arguments regarding his mental limitations are based primarily on his subjective complaints and a Personality Inventory Assessment. Yet, that assessment states:

> Certain . . . indicators fell outside of the normal range, suggesting that [Phillip E.] may not have answered in a completely forthright manner.
>
> . . . With respect to negative impression management, there were indications that he endorsed items that presented an unfavorable impression or represented extremely bizarre and unlikely symptoms. Notably, he endorsed 18/27 Critical Items. These results were

indicative of an exaggeration of complaints and problems. . . . Although his pattern of responses did not necessarily indicate a level of distortion that would render the test results uninterpretable, THE FOLLOWING INTERPRETIVE HYPOTHESES SHOULD BE CONSIDERED WITH CAUTION BECAUSE THE CLINICAL SCALE ELEVATIONS UTILIZED IN THESE HYPOTHESES MAY OVERREPRESENT THE EXTENT AND DEGREE OF SIGNIFICANT TEST FINDINGS IN PARTICULAR AREAS.

Dkt. 4-8 at 41 (capitalization in original). The assessment also notes that Phillip E. reported numerous symptoms that are "unusual" and "uncommon even in clinical samples." *Id.* This evidence demonstrates that, even without any error by the ALJ at Step Three, Phillip E. could not have satisfied his burden to demonstrate that he met or medically equaled a listed impairment.

## CONCLUSION

For the reasons discussed above, I affirm the Commissioner's decision. A final judgment will issue separately.

SIGNED this __18__ day of December 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE